IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN THE MATTER OF: )<br>)<br>PRIME REALTY, INC., )<br>)<br>Debtor(s). )<br>JAMES KILLIPS, Trustee of Prime )<br>Realty, Inc., )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>ROBERT SCHROPP, an individual, )<br>and RCS & SONS, INC., a )<br>Nebraska corporation, )<br>)<br>Defendants. ) | CASE NO. BK02-80785<br>A04-8074<br><br>CH. 11 |

ORDER

This matter is before the court on the plaintiff's motion for summary judgment (Fil. #15) and the defendants' resistance (Fil. #21). Robert Craig and Jenna Taub represent the plaintiff, and Donald Dworak represents the defendants. The motion was taken under advisement as submitted without oral arguments.

The Chapter 11 trustee filed this adversary proceeding to avoid and recover alleged preferential transfers and fraudulent conveyances. The defendants and the debtor were business partners. Within the year preceding the bankruptcy filing, the debtor transferred more than $300,000 to the defendants in six transactions. The trustee alleges that the defendants are insiders of the debtor, and that the transfers were made within one year prior to the petition date, on account of antecedent debt, to or for the benefit of the defendants, while the debtor was insolvent, enabling the defendants to receive more than they would in a Chapter 7 case if the transfer had not been made.

The trustee also alleges that the afore-mentioned transfers were made with actual intent to hinder, delay, or defraud creditors, or that the debtor received less than reasonably equivalent value for the transfers and either was insolvent at the time of the transfers, became insolvent as a result of the transfers, was left with unreasonably small capital, or intended to incur or believed it would incur debts that would be beyond its ability to pay.

As a result, the trustee wants the transfers avoided and returned to the estate pursuant to 11 U.S.C. §§ 547, 548 and 550.

The trustee now moves for summary judgment on each of those counts, alleging that no genuine issue of material fact exists with regard to each of the elements. The defendants resist, arguing that the transfers were part of a transaction whereby the debtor was to purchase RCS's interests in the parties' business ventures. According to counsel for the defendants, the terms of the agreement were that RCS would obtain a $1.24 million bank loan which it would transfer to the debtor. The debtor was to repay that loan directly to the bank and pay RCS slightly more than $1 million for its business interests. RCS apparently did transfer an $829,000 bank loan to the debtor, but no repayments have been made. The $300,000 which is the subject of the trustee's motion is allegedly part of the $1 million payment that the debtor was supposed to make. Therefore, the defendants argue, the transfers do not constitute fraudulent or preferential payments. The defendants also assert they are not and never have been insiders of the debtor, and that all payments at issue were made to RCS, so Mr. Schropp is not a proper defendant to this action.

Summary judgment is appropriate only if the record, when viewed in the light most favorable to the non-moving party, shows there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c) (made applicable to adversary proceedings in bankruptcy by Fed. R. Bankr. P. 7056); see, e.g., Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986); Morgan v. Rabun, 128 F.3d 694, 696 (8th Cir. 1997), cert. denied, 523 U.S. 1124 (1998); Get Away Club, Inc. v. Coleman, 969 F.2d 664, 666 (8th Cir. 1992); St. Paul Fire & Marine Ins. Co. v. FDIC, 968 F.2d 695, 699 (8th Cir. 1992).

The record is a little short on evidence. The defendants have submitted no evidence to dispute the trustee's allegations, although the local court rule requires evidentiary support for opposition to the motion. See Neb. R. Bankr. P. 7056-1(B). To withstand a motion for summary judgment, the nonmoving party must submit "sufficient evidence supporting a material factual dispute that would require resolution by a trier of fact." Austin v. Minnesota Mining & Mfg. Co., 193 F.3d 992, 994 (8th Cir. 1999) (quoting Hase v. Missouri Div. of Employment Sec., 972 F.2d 893, 895 (8th Cir. 1992), cert. denied, 508 U.S. 906 (1993)).

By the same token, the plaintiff relies only on his own affidavit. Because more detailed evidence (whether newly filed or by reference to portions of the record in the bankruptcy case)

regarding the nature of the transfers, the debtor's solvency, and the defendants' status as insiders is necessary before these issues can be ruled on, the motion must be denied.

    IT IS ORDERED: The plaintiff's motion for summary judgment (Fil. #15) is denied.

    DATED:    August 11, 2005

BY THE COURT:

  /s/ Timothy J. Mahoney
Chief Judge

Notice given by the Court to:
    *Robert Craig and Jenna Taub
    Donald Dworak
    U.S. Trustee

Movant (*) is responsible for giving notice of this order to all other parties not listed above if required by rule or statute.